UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| YISROEL AVRAHM, # 228710, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-cv-42 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| NIGEL WYCKOFF, et al., | ) **MEMORANDUM OPINION** |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is no longer in state custody. The matter is before the court for *de novo* review on the basis of defendants' objections to a limited portion of a December 28, 2005 report and recommendation by the magistrate judge addressing cross-motions for summary judgment. The magistrate judge recommended that plaintiff's claims for injunctive and declaratory relief be dismissed as moot, that plaintiff's claims for monetary damages against defendants in their official capacities be dismissed as barred by Eleventh Amendment immunity, that defendants' motion for summary judgment be granted on all plaintiff's claims except one, that plaintiff's motion for summary judgment be granted on the remaining claim based on the September 22, 2004, opening of an envelope containing a report and recommendation from the United States District Court for the Eastern District of Michigan outside plaintiff's presence and contrary to his instructions, and that judgment be entered in plaintiff's favor against defendants for nominal damages of $1.

Defendants' objections are restricted to the magistrate judge's recommendations regarding an award of nominal damaged of $1, and denial of qualified immunity on plaintiff's court mail claim. The parties have waived all other objections. *See United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Upon *de novo* review, the court finds that defendants' objections are meritless.

Defendants have not denied opening the envelope in question. Defendants cannot recall whether they opened it, but acknowledge that they constitute two of the four prison mailroom employees who would have opened this envelope pursuant to policy, and that the State's records fail to document the identity of the employee who actually opened this envelope. Somewhat callously, defendants now assert that they cannot possibly be held liable for even $1 in nominal damages because the prisoner plaintiff, an individual with no access to the prison's mailroom, cannot precisely identify the mailroom employee who actually opened the envelope outside his presence on September 22, 2004. Reduced to its essence, the defendants' argument is, we did not keep records sufficient to allow plaintiff to identify who opened the envelope, we don't remember opening it, and plaintiff can't prove that we opened it because he was not present, because, after all, in violation of his First Amendment rights we did not allow him to be present. This "Catch 22" argument is not remotely persuasive. The absence of adequate record keeping is not a bar to entry of judgment in plaintiff's favor on this claim.

The magistrate judge found that the Sixth Circuit's September 18, 2003 decision in *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003) precluded qualified immunity on this claim because *Sallier* was controlling Sixth Circuit authority with regard to court mail and the Court of Appeals did not suggest that an emergency exception to the rule it announced existed. Defendants argue that

-2-

they are entitled to qualified immunity, citing this court's unpublished, March 18, 2005 decision in *Blevins v. Caruso*, No. 5:04-30 (W.D. Mich. 2005). Defendants obviously did not rely on *Blevins* because *Blevins* was not decided until long after the opening of plaintiff's mail on September 22, 2004. The *Blevins* decision questioned the foreseeability of *Sallier's* creation of a constitutional right for prisoners to have non-privileged documents, matters of public record, opened only in their presence. Defendants fail to note, however, that the vast majority of the specific instances of opening of prisoner mail in *Blevins* predated the *Sallier* decision, and that the two post-*Sallier* openings of court mail at issue in *Blevins* (Op. at 20) occurred within approximately two months of the *Sallier* panel's decision -- within the time frame the *Sallier* defendants could have sought *en banc* review or filed a petition for certiorari to the United States Supreme Court, and before a reasonable time had passed for the State's attorney's to digest the *Sallier* decision and communicate a revised policy to the State's prison mailroom employees. Here, in contrast, the envelope was opened on September 22, 2004, more than a full year after *Sallier* had been decided, after the period for seeking further appellate review of *Sallier* had passed, and outside any reasonable time period for implementing a revised policy in compliance with *Sallier* and communicating it to State employees. *Sallier* was and remains the law of this circuit. Defendants are not entitled to qualified immunity on this claim.

## Conclusion

For the reasons stated herein, defendants' objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, defendants' motion for summary judgment will be granted on all plaintiff's claims with the exception of plaintiff's claim

based on the opening of his court mail on September 22, 2004, plaintiff's motion for summary judgment will be granted on this remaining claim, and judgment for $1 in nominal damages will be entered in plaintiff's favor against defendants.

Date:   January 26, 2006             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE